UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GRAND JURY, SOVEREIGNS OF THE COURT

             *Plaintiff*,

    -against-           16-CV-1490
                    (LEK)(DJS)

U.S. CONGRESS, ET AL.

             *Defendants*.

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CUOMO'S MOTION TO DISMISS PURSUANT TO FRCP 8, 12(b)(1) AND 12(b)(5)**

             ERIC T. SCHNEIDERMAN
             Attorney General of the State of New York
             Attorney for State Defendant Cuomo
             The Capitol
             Albany, New York 12224-0341

C. Harris Dague
Assistant Attorney General, of Counsel
Bar Roll No. 513292
Telephone: (518) 776-2621
Fax: (518) 473-1572 (Not for service of papers)        Date: March 16, 2017

# Table of Contents

**PRELIMINARY STATEMENT** ....................................................................................... 1

**STATEMENT OF RELEVANT FACTS**............................................................................ 2

**STANDARD OF REVIEW** ................................................................................................ 2

**POINT I** ............................................................................................................................... 3

**PLAINTIFF FAILED TO PROPERLY SERVE THE COMPLAINT** ................................ 3

**POINT II**............................................................................................................................... 7

**THE COURT LACKS JURISDICTION OVER PLAINTIFF'S CLAIMS AS THE COMPLAINT DOES NOT ANNOUNCE AN ACTUAL CASE OR CONTROVERSY AND PLAINTIFF LACKS STANDING** ......................................................................................... 7

      A.      **The Complaint Does Not Announce a Case or Controversy**.............................. 7

      B.      **Plaintiff Lacks Standing to Sue** ......................................................................... 9

      C.      **Liberally Construed the Complaint Raises Issues Political Questions** .......... 11

**POINT III** ........................................................................................................................... 12

**THE COMPLAINT FAILS THE SATISFY PROCEDURAL PLEADING REQUIREMENTS UNDER FRCP 8**................................................................................. 12

**CONCLUSION** .................................................................................................................. 14

## PRELIMINARY STATEMENT

In this ambiguously pled action, Plaintiff purports to sue all fifty U.S. Governors and a myriad of federal institutions and elected representatives. Dkt. No. 1. Consistent with Plaintiff's own concession that this is "not a lawsuit[1]", there are no readily identifiable causes of action, statements of injury, or demands for relief within Plaintiff's 138-page political manifesto. Dkt. No. 1. Causing further confusion to the already puzzling procedural posture of the matter is Plaintiff's repeated declaration within its filings that "no written response is required" to the complaint[2], as it was submitted "to inform only". Dkt. No. 1 at 38 of 138.

Pursuant to Rules 12(b)(1), 12(b)(5) and 8 of the Federal Rules of Civil Procedure ("FRCP") Defendant, New York State Governor Andrew M. Cuomo[3], respectfully moves this Court to dismiss the action in its entirety for a host of fully dispositive reasons.

First, Plaintiff's attempted service of process was marred by a number of fatal deficiencies, any one of which renders the complaint ripe for dismissal. Second, the operative complaint filed with the Court (although not served upon Defendant Cuomo) does not present a justiciable case or controversy such that the Court can exercise its jurisdiction. Finally, the complaint suffers from a host of procedural deficiencies which render it inoperative under FRCP 8.

Accordingly, for the reasons discussed more fully below, the complaint should be dismissed in its entirety.

---

[1] Dkt. 13-2 at 19 of 71.
[2] While referring to Plaintiff's initial filing in this matter as a "complaint" throughout this submission, Defendant Cuomo maintains herein that the initial pleading does not actually meet the qualifications of a complaint under the Federal Rules of Civil Procedure, and thus does not constitute a permissible pleading. See infra at Point III.
[3] While the Office of the New York State Attorney General only represents Defendant Cuomo in this matter, the many grounds for this motion to dismiss should apply universally to, at least, all state Governor Defendants. Based upon Healy v. Attorney General Pennsylvania, 563 Fed. Appx. 139 (3d Cir. Pa. 2014), the Court granted Defendant Cuomo's letter request staying response deadlines for all other named Defendants until after a ruling on the present motion to dismiss. Dkt. No. 12.

## STATEMENT OF RELEVANT FACTS

As this motion turns exclusively on pleading and service deficiencies, the totality of the facts is not presently before the Court and in the interest of judicial economy will not be set forth herein. The relevant facts to this motion are therefore straight forward and not in dispute.

On January 19, 2017 the New York State Executive Chamber Correspondence Office received via regular mail an envelope addressed to Governor of New York. Declaration of Katherine Santandrea ("Santandrea Decl") Ex. 2. The envelope contained one copy of an eleven (11) page document. Id. Ex. 1. The eleven-page document did not include a document entitled "statement of service by mail and acknowledgement of receipt." Id. The document was received in a postage stamped envelope. Id. Ex. 2. The envelope does not include any indication of being mailed via certified mail and does not contain a ledger stating "URGENT LEGAL MAIL". Id.

## STANDARD OF REVIEW

When a defendant moves to dismiss pursuant to Rule 12(b)(1), a court must "accept the complaint's factual allegations as true and draw all reasonable inferences in Plaintiffs' favor." "The existence of subject matter jurisdiction is a threshold issue because without jurisdiction, the district court lacks the power to adjudicate the merits of the case." Carter v. HealthPort Techs., LLC, 822 F.3d 47, 54-55 (2d Cir. 2016). The court's function is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). Although a complaint does not need "detailed factual allegations, [it must contain] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (internal quotation marks, citations, and alterations

omitted). The complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id., 127 S. Ct. at 1974.

To resolve a Rule 12(b)(5) motion to dismiss for insufficient service of process, "a court must look to matters outside the complaint". Ji Li v. Ichiro Sushi, Inc., 2016 U.S. Dist. LEXIS 41894 (S.D.N.Y. Mar. 29, 2016).

## POINT I

## PLAINTIFF FAILED TO PROPERLY SERVE THE COMPLAINT

A court may not exercise personal jurisdiction over a defendant unless "the procedural requirement of service of summons [is] satisfied." Dynegy Midstream Servs. v. Trammochem, 451 F.3d 89, 94 (2d Cir. 2006); see also Adeleke v. United States, 355 F.3d 144, 150 (2d Cir. 2004) (stating the "requirement that jurisdiction be established as a threshold matter"). In considering a motion to dismiss for insufficient service of process pursuant to Rule 12(b)(5), a court must look to FRCP 4 "which governs the content, issuance and service of a summons". Deluca v. AccessIT Group, 695 F. Supp 2d. 54, 64 (S.D.N.Y. 2010). In making its determination the court should look to matters outside the complaint to determine whether a plaintiff satisfied the requirements of proper service. Darden v. Daimler Chrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

When the method or validity of service is challenged, the plaintiff bears the burden of proving that jurisdiction was obtained over the defendant by timely and proper service of the summons and complaint. Burda Media, Inc. v. Viertel, 417 F.3d 292, 298-99 (2d Cir. 2005). The plaintiff must, "through specific factual allegations and any supporting materials, make a prima facie showing that service was proper." Kwon v. Yun, 2006 U.S. Dist. LEXIS 7386, at *2 (S.D.N.Y. Feb. 21, 2006). Plaintiff can make no such showing in this case.

Plaintiff's attempted service was insufficient for a number of reasons.  First, Plaintiff's service was deficient because it failed to serve a copy of the complaint in its entirety.  FRCP 4(C)(1) states that effect proper service a summons "must be served with a copy of the Complaint."  Here, however, Plaintiff attempted to serve only a portion of the complaint on Defendant Cuomo.  To wit, on January 19, 2017 via regular mail Defendant Cuomo received an eleven-page document containing a summons, a "list of defendants addresses and fax", and a document entitled "Information Redress of Grievances".  Declaration of Katherine Santandrea ("Santandrea Decl.) Ex. 1.  The eleven-page document constitutes only a portion of the 138-page initial pleading in this matter.  Compare Santandrea Ex. 1 and Dkt. No. 1.  Failure to serve the actual, entire complaint with the summons constitutes improper service under FRCP 4.  See Langreich v. Greenbaum, 2009 U.S. Dist. LEXIS 40296, at *5 (S.D.N.Y. Jan. 30, 2009) (discussing failure to comply with FRCP 4 by not serving textually identical copy of the complaint), citing Hawthorne v. Baptist Hosp., 2006 U.S. Dist. LEXIS 58998, at *2 (N.D. Fla. Aug 8, 2006) (Improper service where summons not accompanied by copy of the operative complaint).

Additionally, the method of service attempted by Plaintiff was improper, as well.  Pursuant to FRCP 4(c), Plaintiff was required to serve Defendant Cuomo by either "following state law for serving a summons in an action brought in courts of general jurisdiction" or by employing one of the alternate forms of personal delivery permitted by Rule 4(c)(2).  Plaintiff did not comply with any of the service mechanisms contemplated by the Rule.

Under NY state law Plaintiff was required to serve Defendant Cuomo pursuant to Rule 312-a of the CPLR, which governs service on individuals by regular, first class mail.  See C.P.L.R. 312-a.  CPLR 312-a requires that a plaintiff who serves a summons and complaint via

first class mail only must provide "two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in [312-a(d)], with a return envelope, postage prepaid, addressed to the sender". CPLR 312-a(a). Subsection (d) of Rule 312-a sets forth the precise form that the statement of service by mail and acknowledgement of receipt must take and the complete required contents thereof. CPLR 312-a(d). Service is complete only when a defendant signs and returns the acknowledgement of receipt. See Smith v. Bray, 2014 U.S. Dist. LEXIS 158488, at *7 (S.D.N.Y. Nov. 10, 2014).

Plaintiff did not comply with these service requirements. The eleven-page document received by mail did not include two copies of a statement of service by mail and acknowledgement of receipt or a return envelope postage prepaid, as mandated. Santandrea Decl. Ex. 1. The mailing contained only a copy of the summons, a list of defendants, and the eleven page portion of the filed complaint. Id. Ex. 1.

Plaintiff did not comply with the alternate service options set forth under FRCP 4(c) either. Rule 4(c)(2) permits service by: (A) "delivering a copy…to the individual"; (B) "leaving a copy…at the individual's dwelling…with someone of suitable age and discretion who resides there"; or (C) "delivering a copy…to an agent authorized by appointed or by law to receive service". As discussed above, Plaintiff did not attempt any of these delivery methods of service; instead relying exclusively on first class mail of the summons and partial complaint document. Santandrea Decl. Ex. 2.

To the extent Plaintiff claims he attempted service of Defendant in accordance with FRCP 4(j), service is still defective. Rule 4(j) permits service in an action filed in federal court upon a state government by "serving a copy of [the summons and complaint] in the manner prescribed by that state's law for serving a summons or like process on such a defendant." FRCP

5

4(j)(2)(B). CPLR 307(2) governs service upon New York State and its officers sued solely in their official capacity. Plaintiff makes no indication that it is suing Governor Cuomo solely in his official capacities, but even if it had done so, service would still be defective because Plaintiff has not complied with the requirements of CPLR 307(2). For service to be effective under CPLR 307(2) the summons must be sent by "certified mail return receipt requested" and the "front of the envelope" must bear a legend stating "URGENT LEGAL MAIL". Id. In short, Plaintiff did not comply with these requirements as it did not serve by certified mail and he did not mark the envelope "URGENT LEGAL MAIL." Santandrea Decl. Ex. 2. Instead, Plaintiff mailed the partial complaint via first class mail (not certified return receipt requested) and the envelope lacked the required "URGENT LEGAL MAIL" ledger. Id.

Regardless of Plaintiff's pro se status, it is required to comply with the procedural requirements for service of process. See Stoianoff v. Comm'r of Motor Vehicles, 2000 U.S. App. LEXIS 4314, at *4 (2d Cir. Mar. 16, 2000) ("[T]he latitude afforded pro se litigants does not extend to dispensing with service requirements."); Wendell v. N.Y. State Ins. Dep't, 2007 U.S. Dist. LEXIS 62314, at 14 (E.D.N.Y. Aug. 23, 2007) ("Although Plaintiff is entitled to some leniency due to his pro se status, he is still responsible for complying with the federal rules regarding service.").

Where the deficiencies in service constitute a "flagrant disregard of Rule 4" and not just a minor or technical failure the consequence is dismissal of the action. Osrecovery Inc. v One Group Int'l, Inc. 2005 U.S. Dist LEXIS 16773, at *61 (SDNY Aug 15, 2005) (dismissing for failure to serve proper documents under Rule 4 and finding minor failures akin to misspelling of a defendant's name). Plaintiff's multiple service failures here, including failing to serve the entire complaint document and/or abiding by any formal service requirements, constitute flagrant

6

disregard for the rules not mere technical oversights such as misspelling of names. Id. As such, the complaint must be dismissed pursuant to FRCP 12(b)(5).

## POINT II

### THE COURT LACKS JURISDICTION OVER PLAINTIFF'S CLAIMS AS THE COMPLAINT DOES NOT ANNOUNCE AN ACTUAL CASE OR CONTROVERSY AND PLAINTIFF LACKS STANDING

**A. The Complaint Does Not Announce a Case or Controversy**

While traditionally justiciability inquiries revolve around questions of ripeness, standing, political question doctrine or mootness, due to the unique nature of this complaint this is the exceedingly rare situation where the question turns on whether Plaintiff even articulates any cognizable case or controversy whatsoever.

Whether "a plaintiff has made out a case or controversy is a threshold matter which must be determined in every case." Lehner v. TD Bank N., 2008 U.S. Dist. LEXIS 94143, at *7-8 (N.D.N.Y. Nov. 19, 2008) (Treece, J.); See also Amarin Pharma, Inc. v. United States FDA, 119 F. Supp. 3d 196, 220 (S.D.N.Y. 2015) ("A court must be sure that there is a justiciable case or controversy under Article III"). The existence of a justiciable case or controversy is necessary to warrant invocation of federal-court jurisdiction and justify exercise of the court's remedial powers. Id.; See also Mallgren v. Intellectual Ventures, 2012 U.S. Dist. LEXIS 187968 (S.D.N.Y. Nov. 7, 2012) ("[W]hether the plaintiff has made a case or controversy . . . within the meaning of Article III . . . is the threshold question in every federal case, determining the power of the court to entertain suit.").

To satisfy this most basic element of justifiability – the existence of a case or controversy – a plaintiff must demonstrate "conflicting contentions of the parties . . . present a real, substantial controversy between parties having adverse legal interests, a dispute definite and

7

concrete, not hypothetical or abstract." Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298, 99 S. Ct. 2301, 60 L. Ed. 2d 895 (1979) (citation omitted); See also Weiss v. Feigenbaum, 558 F. Supp. 265, 274 (E.D.N.Y. 1982) ("The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts").

On the face of the complaint Plaintiff fails to allege any decipherable Constitutional violations, dispute or identifiable demands for relief. That is Plaintiff does not identify any specific injury it has sustained, does not claim any perpetrated Constitutional violations by Defendant Cuomo, and does not identify any request for relief beyond asking the state Governors to reeducate themselves on the Constitution using a provided website. Santandrea Ex. 1 at 7 of 7. In fact, it appears as though the portion of the complaint directed at Governor Cuomo and the other 49 state Governors is nothing more than a means to promote "free online courses on the Constitution and civics" at a website provided by Plaintiff. Id. at 3 of 7. This action is so devoid of anything even approaching an actual case or controversy that in Plaintiff's own recent submission in this matter, it concedes that this is not even a lawsuit by including a section fittingly entitled "**THIS IS NOT A LAWSUIT**". Dkt. No. 13-2 at 19 (emphasis in original). Plaintiff backs this admission up by stating in his complaint and subsequent filings that "no written response [to the complaint] is required" because the purpose of this matter is "to inform only"[4]. Santandrea Decl. Ex. 1 at 7 of 7.

---

[4] By submission dated May 13, 2017, Plaintiff reiterated its position that it does not desire a responsive pleading, stating "the INFORMATION [complaint] was clear in that there was no written response required; only obedience to the Law". Dkt. No. 13-1.

Plaintiff's failure to articulate any controversy or dispute against Defendant Cuomo constitutes a failure to assert a justiciable case or controversy under Article III[5]. Greenberg v. Bush, 150 F. Supp. 2d 447, 454 (E.D.N.Y. 2001). Without this threshold showing the Court lacks subject matter jurisdiction to hear the claim, and Defendant's motion pursuant to FRCP 12(b)(1) must be granted[6].

**B. Plaintiff Lacks Standing to Sue**

For essentially the same reasons discussed above, Plaintiff's complaint fails to establish standing for purposes of the Constitutional case or controversy requirement. It is, of course, axiomatic that "in every federal case, the party bringing the suit must establish standing to prosecute the action." Chambliss-Partee v. Knapp, 2015 U.S. Dist. LEXIS 186515, at *6 (N.D.N.Y. May 7, 2015) (Peebles, J). If a party lacks standing a federal court "has no subject matter jurisdiction to hear its claims". Artists Rights Enforcement Corp. v. Estate of Robinson, 2017 U.S. Dist. LEXIS 33169, *12 (S.D.N.Y. Mar. 7, 2017).

To establish standing, a plaintiff must satisfy three requirements: "(1) there must be alleged (and ultimately proved) an injury in fact — a harm suffered by the plaintiff that is

---

5 Alternatively, to the extent the Court interprets the Complaint as asserting a claim for declaratory relief seeking a declaration that "all Governors must Obey [sic], defend and exercise the Law [sic] of the Land [sic]" [Dkt. No. 1 at 38 of 138] such a claim would also fail as nonjusticiable.. "Subject matter jurisdiction under the Declaratory Judgment Act is limited to an actual controversy and is coextensive with the case or controversy requirement embedded in Article III of the Constitution". Gov't Emples. Ins. Co. v. Saco, 2014 U.S. Dist. LEXIS 20919, at *9-14 (E.D.N.Y. Feb. 18, 2014). Here again, Plaintiff would bear the burden of demonstrating the existence of an actual controversy – "one that one that is real and substantial . . . admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Id., quoting, Olin Corp. v. Consol, Aluminum Corp., 5 F.3d 10, 17 (2d Cir. 1993). For the same reasons discussed herein, based upon the allegations in the complaint, Plaintiff can make no such showing.

6 While "some decisions find dismissal warranted under Rule 12(b)(1) for failure to satisfy the case or controversy requirement of Article III, others suggest that such claims are defective under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." Boco v. Argent Mortgage Co, LLC, 2014 U.S. Dist. LEXIS 43993, at * FN 5 (EDNY Mar. 31, 2014). While it is clear that justiciability questions are properly raised on a motion pursuant to 12(b)(1) [Tarros S.p.A. v. United States, 982 F. Supp. 2d 325, 330-331 (S.D.N.Y. 2013)], to the extent the Court construes justiciability issues as more properly decided under FRCP 12(b)(6), Defendant requests that the Court convert the motion to a 12(b)(6) application, which is subject to the same legal standard. Id. ("A motion to dismiss under Rule 12(b)(1) is decided under the same standard as a motion to dismiss under Rule 12(b)(6)"].

concrete and actual or imminent….; (2) there must be a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant…; and (3) there must be a likelihood that the requested relief will redress the alleged injury". Hughes v. Ester C Co., 930 F. Supp. 2d 439, 453 (E.D.N.Y. 2013).

Here again, Plaintiff's complaint – a politically charged manifesto concerning purported subversion of the Constitution by "foreign and domestic enemies" – articulates no cognizable injury to Plaintiff whatsoever, fails to allege any wrongdoing or connection to Defendant Cuomo, and does not announce any comprehensible demand for relief. Dkt. No. 1 at 32-38 of 138. To the contrary, Plaintiff has conceded that by this action it "does not accuse the Governor [Cuomo] of bad behavior, meaning the violation of his oath in the above captioned Information [complaint]" [Dkt. 13-1 at 4 of 6], states that "no written response is required" to its pleading [Id.] and even proclaims this matter "not to be a lawsuit." Dkt. No. 13-2 at 19 of 71. In sum, even applying the most liberal construction of the complaint, Plaintiff simply does not aver any injury, causal connection to Governor Cuomo or redress – the three hallmark requirements of standing.

Moreover, even if the Court were to somehow construe Plaintiff's complaint as containing an allegation of wrongdoing or Constitutional infraction as against Governor Cuomo, Plaintiff has not indicated any degree of personalized injury. For standing to attach a plaintiff must show that it "personally has suffered an injury that is concrete, particularized, and actual or imminent…". Chambliss-Partee, 2015 U.S. Dist. LEXIS at *6. Asserting injury to the "public at large", as in a claim of injury as a federal taxpayer, does not confer standing upon a Plaintiff. Tomscha v. GSA, 2016 U.S. Dist. LEXIS 80875, at *9-10 (S.D.N.Y June 21, 2016), quoting, Hein v. Freedom From Religion Found., Inc., 551 US 587, 599-600 (2007). To have standing

Plaintiff must demonstrate that it suffered "an injury different in kind or degree from that suffered by the public at large". Stack v. St. Vincents Catholic Med. Cntrs., Inc., 2010 US DIST LEXIS 116298, at *5 (SDNY Oct. 25, 2010). The complaint does not announce any personalized injury that would not be experienced by every other member of the public.

Plaintiff's lack of standing deprives the Court of subject matter jurisdiction over this matter. Dismissal pursuant to FRCP 12(b)(1) is therefore appropriate[7].

C. **Liberally Construed the Complaint Raises Issues Political Questions**

As discussed herein, it is difficult to identify what, if any, issues are raised by Plaintiff within the complaint. However, even if the Court were to undertake a liberal interpretation of the pleading in an effort to identify some cognizable cause of action, any resulting claim would be nonjusticiable under the political question doctrine.

The political question doctrine "excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch". Tarros S.p.A. v. United States, 982 F. Supp. 2d 325, 330-331 (S.D.N.Y. 2013), citing Japan Whaling Ass'n v. Am. Cetacean Soc'y, 478 U.S. 221, 230 (1986). Where a party seeks adjudication of a political question "no justiciable controversy exists". Massachusetts v. E.P.A., 549 U.S. 497, 516 (2007) Lane v. Halliburton, 529 F.3d 548, 559 (5th Cir. 2008). The doctrine has its jurisprudential roots as far back as Marbury v. Madison where Chief Justice Marshall stated "The province of the court is, solely, to decide on the rights of individuals, not to enquire how the executive, or executive officers, perform duties in which they have a discretion." Marbury v. Madison, 5 U.S. 137 (1803).

---

7 "District courts in this Circuit analyze motions to dismiss for lack of standing under Rule 12(b)(1)". Waxman v. Cliffs Natural Res., Inc., 2016 U.S. Dist. LEXIS 168933 (S.D.N.Y. Dec. 6, 2016).

The portion of Plaintiff's complaint directed at Governor Cuomo, to the extent it can be read as announcing any cause of action whatsoever, runs afoul of the political question doctrine. The complaint is rife with opinions and proclamations regarding Plaintiff's political ideology in an apparent effort to "restore the Law of the Land…which has slowly eroded away" by the subversion of sovereign powers. Santandrea Ex. 1 at 3 of 7. Liberally construed the complaint, at most, appears to be seeking a legislative resolution to the Plaintiff's perceived improprieties with the operation of the federal government, for which it asks Governor Cuomo and the other 49 state Governors to aid in their discretionary application of the Constitution. Id.

Simply put, even if the Court were to apply a generous reading of the complaint that identifies an actual controversy in issue, it would be nonjusticable under the political question doctrine. The Court does not have subject matter jurisdiction over such political questions, and the complaint must be dismissed under FRCP 12(b)(1)[8].

## POINT III

### THE COMPLAINT FAILS THE SATISFY PROCEDURAL PLEADING REQUIREMENTS UNDER FRCP 8

While unsurprising in light of Plaintiff's statement that "this is not a lawsuit" [Dkt. 13-2 at 19 of 71] the complaint fails to conform to any of the pleading requirements set forth under the federal rules of civil procedure. FRCP 8(a) maintains that "a pleading that states a claim for relief must contain... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and; (3) demand for the relief sought. FRCP 8(a)(2)-(3). Plaintiff's complaint as directed at Governor Cuomo does not satisfy any of these requirements.

---

8 "The political question doctrine is more properly characterized as a justiciability question than as a question of subject matter jurisdiction. Nevertheless, it is properly raised on a motion under Rule 12(b)(1)." Tarros S.p.A. 982 F. Supp. 2d at 331.

Under FRCP 8(a)(2) "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Dayan v. Swiss-American Prods., 2017 U.S. Dist. LEXIS 1121, at *4 (E.D.N.Y. Jan. 3, 2017). While this is admittedly not a strict pleading standard, in the present case, where Plaintiff fails to allege any purported misconduct against Defendant Cuomo whatsoever[9] and instructs that "no written response is necessary" [Santandrea Ex. 1 at 7 of 7], the complaint fails under FRCP 8.

Moreover, the complaint runs afoul of the minimal pleading standards as it does not state any demand for relief, as required under FRCP 8(a)(3). As discussed in detail above, Plaintiff fails to fashion any cognizable request for relief against Governor Cuomo or the other 49 state Governors.

The remedy for these pleading deficiencies under FRCP 8 is dismissal. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

---

9 To the contrary Plaintiff states that it "does not accuse the Governor [Cuomo] of bad behavior, meaning the violation of his oath in the above captioned Information [complaint]". Dkt. 13-1 at 4 of 6.

## CONCLUSION

For all the foregoing reasons plaintiff's Complaint must be dismissed in its entirety as a matter of law.

Dated: Albany, New York
       March 16, 2017

                                        ERIC T. SCHNEIDERMAN
                                        Albany, New York 12224-0341
                                        By: *s/ C. Harris Dague*
                                        C. Harris Dague
                                        Assistant Attorney General, of Counsel
                                        Bar Roll No. 513292
                                        Telephone: (518) 776-2621

TO:    Grand Jury, Sovereigns of the Court
          Unified United States Common Law Grand Jury
          Grand Jury Foreman
          P.O. Box 59
          Valhalla, NY 10595