UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GRAND JURY, SOVEREIGNS OF
THE COURT,

                              Plaintiff,

    -against-                                          1:16-CV-1490 (LEK/DJS)

U.S. CONGRESS, *et al.*,

                              Defendants.

## DECISION AND ORDER

Plaintiff Grand Jury, Sovereigns of the Court commenced this action on December 14, 2016. Dkt. No. 1 ("Complaint"). Defendants include, among others, the United States Congress, the President of the United States, the United States Supreme Court, and the governors of all fifty states. Docket; Compl. at 4–6.[1] The Complaint is over one hundred pages long, and it contains a laundry list of grievances related to alleged violations of the United States Constitution. To take just one example, one section of the Complaint is dedicated to showing that the "balance of power" set up by the Constitution "was laid waste by the unratified, unconstitutional 17th Amendment." Compl. at 14–16. As several Defendants point out in their brief in support of their motion to dismiss, the Complaint is essentially a "political manifesto." Dkt. No. 14-1 ("Memorandum") at 1; see also Dkt. No. 14 ("Motion to Dismiss").

Plaintiff also filed an order to show cause against Clerk of the Court Lawrence K. Baerman on January 19, 2017, demanding that Baerman "show cause by what authority the clerk may charge for Justice" by requiring a filing fee. Dkt. No. 5 ("Order to Show Cause") at 5. On

---

[1] The page numbers for the Complaint refer to those generated by the Court's electronic filing system ("ECF").

April 18, 2017, Plaintiff moved for default judgment against Baerman, asking the Court to order Baerman to "return [to Plaintiff] the $400 [filing fee] immediately." Dkt. No. 16 ("Motion for Default Judgment"). And on June 12, 2017, the Court received several letters from Plaintiff on behalf of individuals seeking relief from allegedly unlawful "Non-Judicial Foreclosures." E.g., Dkt. No. 21 ("Letter Motion") at 2–4.

According to the Complaint, Plaintiff is "comprised of fifty Grand Jurys [sic] each unified amongst the counties within their respective states. All fifty States have unified nationally as an assembly of Thousands of People." Compl. at 1 n.1. The Complaint is signed at various points by the "Grand Jury Foreman," e.g., id. at 2, 79, 138, and no lawyer has appeared on behalf of Plaintiff, whose address is listed as a P.O. box in Valhalla, New York, Docket.

On April 19, 2017, the federal defendants in this case asked the Court to dismiss the case on the ground that Plaintiff, as an apparently unincorporated organization, cannot proceed without counsel. Dkt. No. 17 ("Letter Motion") at 1. The Court agrees.

"Under 28 U.S.C. § 1654, individuals are permitted to represent themselves in federal court, but the statute does not permit non-attorneys to represent another person or any artificial entities, including corporations, partnerships, or associations." Riveredge Owners' Ass'n v. Town of Cortlandt, Inc., No. 16-CV-5665, 2016 WL 6462387, at *2 (S.D.N.Y. Nov. 1, 2016), adopted by 2016 WL 7392218 (S.D.N.Y. Dec. 21, 2016); see also Souffrant v. Denhil Oil, LLC, No. 10-CV-80246, 2010 WL 1541192, at *1 (S.D. Fla. Apr. 16, 2010) ("The rule requiring corporations to be represented by counsel extends to all non-natural persons, i.e., entities, as its purpose is the protection of the courts and the administration of justice."). A court may sua sponte dismiss without prejudice an action brought by a nonlawyer on behalf of an organization

that must be represented by counsel. See, e.g., Elizabeth Teachers Union, AFT Local 733 v. Elizabeth Bd. of Educ., No. 90-CV-3343, 1990 WL 174654, at *5 (D.N.J. Nov. 8, 1990) ("Because the ETU may not represent itself and Mr. Gualano may not represent it either, no one is authorized to appear before this Court on plaintiff's behalf. . . . The Court therefore has no recourse but to dismiss the complaint sua sponte as to all defendants without prejudice to refiling by an attorney."); First Amendment Found. v. Village of Brookfield, 575 F. Supp. 1207, 1207–08 (N.D. Ill. 1983) ("Mr. Weisberg is not a member of the bar of this court, and it is the court's understanding that he is not an attorney. His appearance on behalf of plaintiff therefore is improper. . . . The papers filed on plaintiff's behalf are stricken, and the case is dismissed without prejudice.").

Here, Plaintiff describes itself as an organization composed of thousands of members across the United States. Compl. at 1 n.1. Plaintiff's pleadings are signed by the "Grand Jury Foreman," e.g., id. at 2, 79, 138, and no lawyer has appeared on Plaintiff's behalf, Docket. Since Plaintiff appears to be an organization of some kind, it cannot proceed in this court unless it is represented by counsel. See, e.g., Kanelos v. County of Mohave, No. 10-CV-8099, 2010 WL 2803864, at *1 (D. Ariz. July 15, 2010) ("Unlicensed laypersons, including the owners of companies, officers of a corporation, partners of a partnership, and *members of an association*, may not represent their entities pro se." (emphasis added)). There is no indication that the "Grand Jury Foreman" is a lawyer authorized to practice before this Court. Thus, the Court dismisses the Complaint without prejudice. If Plaintiff does not obtain counsel to represent it within thirty days, the action shall be dismissed with prejudice.

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that if Plaintiff wishes to proceed with this action, it must obtain counsel within **thirty days** of this Decision and Order; and it is further

**ORDERED**, that if Plaintiff fails to obtain counsel within thirty days, the Complaint (Dkt. No. 1) shall be dismissed with prejudice, without further order of the Court; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   June 14, 2017
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge